## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

CIVIL ACTION NO.: _____

**ANGELA RUPP, individually and on behalf of all others similarly situated,**

             Plaintiff,                  **JURY TRIAL DEMANDED**

       v.

**CLEARCHOICE MANAGEMENT SERVICES, LLC**

             Defendant.

---

### CLASS AND COLLECTIVE ACTION COMPLAINT

---

Plaintiff, Angela Rupp ("Plaintiff"), individually and on behalf of all others similarly situated, by and through her attorneys, Brown, LLC, hereby files this Class and Collective Action Complaint against Defendant ClearChoice Management Services, LLC ("Defendant"), and alleges of her own knowledge and conduct and upon information and belief as to all other matters, as follows:

### **INTRODUCTION**

1.      Plaintiff brings this action, individually and as a collective action on behalf of all other call center agents who elect to opt-in to this action to recover unpaid overtime wages, liquidated damages, and reasonable attorneys' fees and costs as a result of Defendant's willful violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516, *et seq.*

Doc ID: 6ace1fa435fe957766ec6dc7294494fcdd83f84c

2.      Additionally, Plaintiff brings this action under Federal Rule of Civil Procedure 23, on behalf of herself, individually, and all similarly situated employees of Defendant, who work or worked in Pennsylvania, to recover unpaid wages, overtime wages, plus interest, liquidated damages, and reasonable attorneys' fees and costs under the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. § 333.100, *et seq.*, and Pennsylvania Wage Payment and Collection Law ("WPCL"), 43 P.S. § 260.1, *et seq*.

3.      Defendant provides customer service services for business and non-clinical operations of over 80 treatment centers in the United States.

4.      Plaintiff and the members of the putative collective were employed by Defendant as call center agents and were responsible for handling inbound and outbound telephone calls from Defendant's clients and customers.

5.      The U.S. Department of Labor recognizes that customer support jobs, like those held by Defendant's call center agents, are homogenous and it issued Fact Sheet #64 in July 2008 to alert customer support employees to some of the abuses which are prevalent in the industry.

6.      One of those abuses, which are at issue in this case, is the employer's refusal to pay call center agents for work "from the beginning of the first principal activity of the workday to the end of the last principal activity of the workday." *Id*.

7.      More specifically, Fact Sheet #64 condemns an employer's non-payment of an employee's necessary pre-shift activities: "An example of the first principal activity of the day for agents/specialists/representatives working in call centers includes starting the computer to download work instructions, computer applications and work-related emails." Additionally, the FLSA requires that "[a] daily or weekly record of all hours worked, including time spent in pre-shift and post shift job-related activities must be kept." *Id*.

Doc ID: 6ace1fa435fe957766ec6dc7294494fcdd83f84c

8.      Defendant failed to pay call center agents for their pre-shift time spent starting up their computers, opening, logging into and connecting to required systems and applications, and reviewing work-related e-mails and other information, including time worked in excess of forty (40) hours in a workweek.

9.      Additionally, when call center agents were disconnected from their systems and applications due to technical issues, Defendant required them to remain at their computers but refused to pay them for this time (i.e., "Tech Time").

10.     Further, Plaintiff and other call center agents were victims of Defendant's common policy of failing to incorporate their non-base compensation (such as bonuses) into their regular rates of pay, for purposes of calculating their hourly overtime rates. As a result, there were many weeks throughout the statutory period in which Plaintiff and other call center agents received an hourly rate of overtime hours of less than "one and one-half times the[ir] regular rate," in violation of the FLSA. 29 U.S.C. § 207(a)(1). *See* 29 U.S.C. § 207(e) ("As used in this section the 'regular rate' at which an employee is employed shall be deemed to include all remuneration for employment paid to, or on behalf of, the employee").

11.     Plaintiff seeks unpaid overtime wages and liquidated damages pursuant to the FLSA on behalf of herself and the FLSA Collective, defined as "*all current and former hourly-paid, non-exempt employees, employed in the position of call center agent who worked for Defendant in any place covered by the Fair Labor Standards Act, 29 U.S.C. § 201, et seq., including, but not limited to, the United States, Puerto Rico, the Virgin Islands, American Samoa, and Guan, at any time within the three (3) years preceding the commencement of this action and the date of judgment ("FLSA Collective")*. See* 29 U.S.C. §§ 207(a)(1); 216(b).

Doc ID: 6ace1fa435fe957766ec6dc7294494fcdd83f84c

12.     Plaintiff also seeks unpaid wages, overtime wages, and liquidated damages pursuant to the PMWA and WPCL on behalf of herself and the Rule 23 Pennsylvania Class, defined as "*all current and former hourly-paid, non-exempt employees, employed in the position of call center agent who worked for Defendant in Pennsylvania at any time within the three (3) years preceding the commencement of this action and the date of judgment ("Rule 23 Pennsylvania Class")*."

## JURISDICTION AND VENUE

13.     This Court has subject-matter jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 because Plaintiff's claims raise a federal question under 29 U.S.C. § 201, *et seq*.

14.     This Court has jurisdiction over this action pursuant to 29 U.S.C. § 216(b), which provides, in relevant part, that suit under the FLSA "may be maintained against any employer . . . in any Federal or State court of competent jurisdiction." *See* 29 U.S.C. § 216(b).

15.     This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

16.     This Court has personal jurisdiction over Defendant because it is headquartered in Colorado.

17.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because Defendant resides in this district.

## PARTIES

18.     Plaintiff Angela Rupp is a resident of Ephrata, Pennsylvania, and worked for Defendant remotely from home in the position of call center agent from June 6, 2022, to the present.

Doc ID: 6ace1fa435fe957766ec6dc7294494fcdd83f84c

19.     Pursuant to 29 U.S.C. § 216(b), Plaintiff Angie Rupp has signed a consent form to join this lawsuit, which is attached as **Exhibit 1**.

20.     Defendant ClearChoice Management Services, LLC is a limited liability company with a principal address located at 8350 E. Crescent Pkwy, Suite 300, Greenwood Village, CO 80111.

## GENERAL ALLEGATIONS

21.     The foregoing paragraphs are hereby incorporated by reference as though the same were fully set forth at length herein.

22.     Defendant employs call center agents to handle inbound and outbound telephone calls from Defendant's clients and customers.

23.     At all times relevant to this action, Defendant was an enterprise whose annual gross volume of sales made or business done exceeded $500,000.

24.     At all times relevant to this action, Defendant was an enterprise that has had employees engaged in commerce or in the production of goods for commerce, and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce.

25.     Call center agents were engaged in commerce, and thus subject to individual coverage under the FLSA.

26.     At all times relevant to this action, Defendant was an employer under 29 U.S.C. § 203(d) of the FLSA, subject to the provisions of 29 U.S.C. § 201, *et seq*.

27.     Call center agents were "employees" of Defendant within the meaning of 29 U.S.C. § 203(e)(1) of the FLSA.

5

Doc ID: 6ace1fa435fe957766ec6dc7294494fcdd83f84c

28.    Defendant "suffered or permitted" call center agents to work and thus "employed"
them within the meaning of 29 U.S.C. § 203(g) of the FLSA.

29.    Defendant classified call center agents as non-exempt employees and paid them on
an hourly basis without any guaranteed, predetermined amount of pay per week.

30.    In order to perform their jobs, call center agents were required to start up their
computers, log in to, and connect to various computer systems and applications, and review work-
related e-mails and other information.

31.    However, call center agents were not actually "clocked in" for their shifts until *after*
the computer start-up/log-in process was complete, meaning that they performed work for which
they were not compensated.

32.    Additionally, when call center agents were disconnected from their systems and
applications due to technical issues, Defendant required them to remain at their computers but
refused to pay them for this time (i.e., "Tech Time").

33.    The off-the-clock time call center agents spent starting up and logging into required
systems and applications directly benefitted Defendant. The start-up/log-in process was an
essential part of the call center agents'' job responsibilities.

34.    At all relevant times, Defendant controlled call center agents' work schedules,
duties, protocols, applications, assignments and employment conditions.

35.    Despite knowing that Plaintiff and other call center agents performed start-up/log-
in activities before and during their shifts, Defendant and their managers did not make any effort
to stop or otherwise disallow this off-the-clock work and instead allowed and permitted it to
happen.

6

Doc ID: 6ace1fa435fe957766ec6dc7294494fcdd83f84c

36.     Defendant possesses, controls, and/or has access to infomania and electronic data that shows the times call center agents started upon and logged into their computer systems and applications each day and the time they logged into their telephone systems.

37.     Defendant was able to track the amount of time that call center agents spent in connection with start-up/log-in activities; however, Defendant failed to pay call center agents for such time.

38.     Defendant used its adherence and attendance policies against call center agents by disciplining call center agents if they were not logged into their phones and ready to handle calls by the start of their scheduled shift time.

39.     These policies coerced call center agents into beginning the process of starting up and logging into their computers systems and applications and reading company e-mails and instructions prior to the start of their scheduled shift time.

40.     Defendant's policies and practices deprived call center agents of wages owed for the start-up/log-in activities described above.

41.     Because call center agents often worked in excess of forty (40) hours in a workweek, Defendant's pay practices also deprived them of overtime pay at a rate of 1.5 times their regular rate of pay.

42.     Plaintiff regularly worked in excess of forty (40) hours in a workweek and was not paid for all hours worked in such weeks as a result of the violations alleged herein.

43.     By way of example, during the pay period of January 16, 2023 to January 31, 2023, Plaintiff worked 83.18 hours on the clock and additional time performing compensable work off-the-clock. Plaintiff did not receive any pay for the off the clock work.

Doc ID: 6ace1fa435fe957766ec6dc7294494fcdd83f84c

44.     Additionally, Defendant failed to incorporate call center agents' non-base
compensation (such as bonuses) into their regular rates of pay, for purposes of calculating their
hourly overtime rates.

45.     By way of example, during the pay period of May 1, 2023 to May 15, 2023, Plaintiff
worked 88.02 hours and received a bonus in the gross amount of $669.48.

46.     The bonus received during the pay period of May 1, 2023 to May 15, 2023, was not
incorporated into Plaintiff's regular rate of pay, for purposes of calculating Plaintiff's hourly
overtime rate.

47.     As a result, there were many weeks throughout the statutory period in which
Plaintiff and other call center agents received an hourly rate for overtime hours less than "one and
one-half times the[ir] regular rate," in violation of the FLSA. 29 U.S.C. § 207(e) ("As used in this
section the 'regular rate' at which an employee is employed shall be deemed to include all
remuneration for employment paid to, or on behalf of, the employee").

### FLSA COLLECTIVE ACTION ALLEGATIONS

48.     The foregoing paragraphs are hereby incorporated by reference as though the same
were fully set forth at length herein.

49.     This action is brought as a collective action to recover unpaid overtime
compensation and liquidated damages owed to Plaintiff and all similarly situated current and
former employees of Defendant.

50.     Plaintiff brings this action pursuant to 29 U.S.C. § 216(b) of the FLSA on her own
behalf and on behalf of the FLSA Collective, defined as:

> *All current and former hourly-paid, non-exempt employees employed in the
> position of call center agent who worked for Defendant in any place covered by the
> Fair Labor Standards Act, 29 U.S.C. § 201, et seq., including, but not limited to,
> the United States, Puerto Rico, the Virgin Islands, American Samoa, and Guam, at*

8

Doc ID: 6ace1fa435fe957766ec6dc7294494fcdd83f84c

*any time within three (3) years preceding the commencement of this action and the date of judgment ("FLSA Collective").*

51.    Plaintiff reserves the right to amend this definition as necessary.

52.    Excluded from the proposed FLSA Collective are Defendant's executives, administrative, and professional employees, including computer professionals and outside sales persons.

53.    With respect to the claims set forth in this action, a collective action under the FLSA is appropriate because the putative members of the FLSA Collective are "similarly situated" to Plaintiff under 29 U.S.C. § 216(b) because: (a) they have been or are employed in the same or similar positions; (b) they were or are subject to the same or similar unlawful practices, policy, or plan; and (c) their claims are based upon the same factual and legal theories.

54.    The employment relationships between Defendant and every FLSA Collective member is the same and differ only by name, location, and rate of pay. The key issues – whether Defendant failed to pay call center agents for preliminary start-up/log-in time, whether Defendant failed to pay call center agents for reconnection start-up/log-in time due to technical disturbances, and failed to include non-base compensation into their regular rates of pay, for purposes of calculating their hourly overtime rates – do not vary substantially among the FLSA Collective members.

55.    Plaintiff estimates the FLSA Collective, including both current and former employees over the relevant period, will include over two hundred members. The precise number of the FLSA Collective members should be readily available from a review of Defendant's personnel and payroll records.

56.    Plaintiff will request the Court to authorize notice to all current and former similarly situated employees employed by Defendant, informing them of the pendency of this action and

Doc ID: 6ace1fa435fe957766ec6dc7294494fcdd83f84c

their right to "opt-in" to this lawsuit pursuant to 29 U.S.C. § 216(b), for the purpose of seeking

unpaid compensation, overtime compensation, and liquidated damages under the FLSA.

**RULE 23 CLASS ACTION ALLEGATIONS**

57.    The foregoing paragraphs are hereby incorporated by reference as if fully set forth

at length herein.

58.    Plaintiff brings this action individually, and on behalf of the following class of

similarly situated individuals, pursuant to Rule 23 of the Federal Rules of Civil Procedure:

> *All current and former hourly-paid, non-exempt employees, employed in the*
> *position of call center agent who worked for Defendant in Pennsylvania at any time*
> *within the three (3) years preceding the commencement of this action and the date*
> *of judgment ("Rule 23 Pennsylvania Class").*

59.    The members of the Rule 23 Pennsylvania Class are so numerous that joinder of all

members is impractical. The Rule 23 Pennsylvania Class members may be informed of the

pendency of this action by direct mail, e-mail, and text message.

60.    Pursuant to Federal Rule of Civil Procedure 23(a)(2), there are questions of law and

fact common to the Rule 23 Pennsylvania Class, including, but not limited to:

A.    Whether the time Rule 23 Pennsylvania Class members spend on start-up/log-in

activities prior to "clocking in" for each shift is compensable time;

B.    Whether Rule 23 Pennsylvania Class members are owed minimum, straight-time,

and/or overtime wages for time spent performing start-up/log-in activities during periods of

disconnection;

C.    Whether Rule 23 Pennsylvania Class members are owed minimum wages and

overtime wages for time spent performing start-up/log-in and reconnecting activities, and, if so,

the appropriate amount thereof; and

10

Doc ID: 6ace1fa435fe957766ec6dc7294494fcdd83f84c

D.      Whether Defendant was required to incorporate Rule 23 Pennsylvania Class members' non-base compensation into their regular rates of pay, for purposes of calculating their hourly overtime rates.

61.      Plaintiff's claims are typical of the claims of the Ruel 23 Pennsylvania Class members. Plaintiff is an employee of Defendant and is employed as an hourly-paid, non-exempt call center agent who has suffered similar injuries as those suffered by the Rule 23 Pennsylvania Class members as a result of Defendant's failure to pay wages, and overtime compensation. Defendant's conduct of violating the PMWA and WPCL has impacted the Rule 23 Pennsylvania Class in the exact same way.

62.      Plaintiff will fairly and adequately represent and protect the interests of the Rule 23 Pennsylvania Class. Plaintiff is similarly situated to the Rule 23 Pennsylvania Class and has no conflict with the Rule 23 Pennsylvania Class members.

63.      Plaintiff is committed to pursuing this action and has retained competent counsel experienced in class action litigation.

64.      Pursuant to Rule 23(b)(1), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure, this action is properly maintained as a class action because:

A.      The prosecution of separate actions by or against individual members of the Rule 23 Pennsylvania Class would create a risk of inconsistent or varying adjudication with respect to individual members of the Rule 23 Pennsylvania Class that would establish incompatible standards of conduct for Defendant;

B.      Defendant, by failing to pay wages and overtime compensation when they became due and owing in violation of the PMWA and WPCL, has acted or refused to act on grounds

11

Doc ID: 6ace1fa435fe957766ec6dc7294494fcdd83f84c

generally applicable to the Rule 23 Pennsylvania Class, thereby making equitable relief appropriate with respect to the Rule 23 Pennsylvania Class as a whole; and

C.       The common questions of law and fact set forth above applicable to the Rule 23 Pennsylvania Class predominate over any questions affecting only individual members and a class action is superior to other available methods for the fair and efficient adjudication of the case, especially with respect to consideration of consistency, economy, efficiency, fairness and equity, as compared to other available methods for the fair and efficient adjudication of the controversy.

65.       A class action is also superior to other available means for the fair and efficient adjudication of this controversy because individual joinder of the parties is impractical. The Rule 23 Pennsylvania Class action treatment will allow a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without unnecessary duplication of effort and expense if these claims were to be brought individually.

66.       Additionally, the damages suffered by each Rule 23 Pennsylvania Class member may be relatively small, the expense and burden of individual litigation would make it difficult for the Rule 23 Pennsylvania Class members to bring individual claims. The presentation of separate actions by individual Rule 23 Pennsylvania Class members could create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendant, and/or substantially impair or impede the ability of each member of the Rule 23 Pennsylvania Class to protect his or her interests.

12

Doc ID: 6ace1fa435fe957766ec6dc7294494fcdd83f84c

## COUNT I
## FAIR LABOR STANDARDS ACT
## 29 U.S.C. § 201, *et seq.*
## FAILURE TO PAY OVERTIME COMPENSATION
### (*Brought on an Individual and Collective Basis*)

67.     The foregoing paragraphs are hereby incorporated by reference as if fully set forth at length herein.

68.     Pursuant to Section 206(b) of the FLSA, employees must be compensated for every hour worked in a workweek.

69.     Moreover, under Section 207(a)(1) of the FLSA, employees must be paid overtime equal to 1.5 times the employee's regular rate of pay, for all hours worked in excess of forty (40) hours per week.

70.     In most workweeks, Plaintiff and the FLSA Collective members worked over forty (40) hours.

71.     Defendant required Plaintiff and the FLSA Collective members to perform start-up/log-in activities before and during their shifts, but failed to pay these employees the federally mandated overtime compensation for all time worked.

72.     The start-up/log-in activities performed by Plaintiff and FLSA Collective members every session are an essential part of the job and these activities and the time associated with these activities is not *de minimis*.

73.     In workweeks in which Plaintiff and the FLSA Collective members worked in excess of forty (40) hours, the uncompensated start-up/log-in time should have been paid at the federally mandated rate of 1.5 times each employee's regular hourly wage. 29 U.S.C. § 207.

13

Doc ID: 6ace1fa435fe957766ec6dc7294494fcdd83f84c

74.      Additionally, Defendant failed to incorporate Plaintiff and the FLSA Collective

members' non-base compensation (such as bonuses) into their regular rates of pay, for purposes

of calculating their hourly overtime rates.

75.      As a result, there were many weeks throughout the statutory period in which

Plaintiff and the FLSA Collective members received an hourly rate for overtime hours of less than

"one and one-half times the[ir] regular rate," in violation of the FLSA. 29 U.S.C. § 207(a)(1). *See*

29 U.S.C. § 207(e) ("As used in this section the 'regular rate' at which an employee is employed

shall be deemed to include all remuneration for employment paid to, or on behalf of, the

employee").

76.      Defendant's violations of the FLSA were knowing and willful.

77.      Defendant knew or could have easily determined how long it took for its call center

agents to perform start-up/log-in activities and Defendant could have properly compensated

Plaintiff and the FLSA Collective members for such time, but did not.

78.      The FLSA, 29 U.S.C. § 216(b), provides that as a remedy for a violation of the Act,

an employee is entitled to his or her unpaid wages (and unpaid overtime if applicable) plus an

additional equal amount in liquidated damages (double damages), plus costs and reasonable

attorneys' fees.

**COUNT II**
**PENNSYLVANIA MINIMUM WAGE ACT**
**43 P.S. § 333.100, *et seq.***
**FAILURE TO PAY WAGES AND OVERTIME COMPENSATION**
(***Brought on an Individual and Rule 23 Class Basis***)

79.      The foregoing paragraphs are hereby incorporated by reference as though fully set

forth at length herein.

14

Doc ID: 6ace1fa435fe957766ec6dc7294494fcdd83f84c

80.    The Pennsylvania Minimum Wage Act provides that employers must pay certain "minimum wages," including overtime wages, to its employees. *See* 43 P.S. § 333.113.

81.    The Pennsylvania Minimum Wage Act further provides that "employees shall be paid for overtime not less than one-half times the employee's regular rate" for hours worked in excess of forty (40) hours in a workweek. *See* 43 P.S. § 333.113.

82.    By its actions alleged above, Defendant has violated the provisions of the Pennsylvania Minimum Wage Act by failing to properly pay wages and overtime compensation to Plaintiff and the Rule 23 Pennsylvania Class for all hours worked.

83.    As a result of Defendant's unlawful acts, Plaintiff and Rule 23 Pennsylvania Class members have been deprived of minimum wages and overtime compensation in amounts to be determined at trial, and are entitled to recover of such amounts, together with interest, costs and attorneys' fees pursuant to the Pennsylvania Minimum Wage Act.

**COUNT III**
**PENNSYLVANIA WAGE PAYMENT AND COLLECTION LAW**
**43 P.S. § 260.1, *et seq.***
**FAILURE TO PAY WAGES DUE AND OWING**
**(*Brought on an Individual and Rule 23 Class Basis*)**

84.    The foregoing paragraphs are hereby incorporated by reference as though fully set forth at length herein.

85.    Defendant paid Plaintiff and the Rule 23 Pennsylvania Class members on an hourly basis.

86.    Defendant agreed to pay Plaintiff and the Rule 23 Pennsylvania Class members for all hours worked, as evidenced by Defendant paying them an hourly rate of pay, furnishing them paystubs showing their agreed hourly rates, and instructing them to use Defendant's timekeeping system in order to be paid, or not paid, for any time.

Doc ID: 6ace1fa435fe957766ec6dc7294494fcdd83f84c

87.    Defendant failed to pay Plaintiff and Rule 23 Pennsylvania Class members for all hours worked, contrary to the agreement.

88.    Plaintiff and Rule 23 Pennsylvania Class members performed start-up/log-in activities before and during their shifts.

89.    The off-the-clock work performed by Plaintiff and Rule 23 Pennsylvania Class members are an essential part of their jobs and these activities and the time associated with these activities is not *de minimis*.

90.    Defendant's conduct and practices, described herein, have been willful, intentional, unreasonable, arbitrary, and in bad faith.

91.    Under the Pennsylvania Wage Payment and Collection Law, "[a]ll wages . . . earned in any pay period shall be due and payable within the number of days after the expiration of said pay period as provided in a written contract of employment."

92.    No provision of the Pennsylvania Wage Payment and Collection Law, including an employee's right to payment of all wages "earned in any pay period," may be "contravened or set aside by a private agreement." *See* 43 P.S. § 260.7.

93.    The aforementioned wages and overtime compensation are "wages" that were "earned" within the meaning of the Pennsylvania Wage Payment and Collection Law, and are due and owing under the Pennsylvania Wage Payment and Collection Law.

94.    Plaintiff and Rule 23 Pennsylvania Class members have been denied payment at their "regular hourly rate" for all regular hours worked and overtime compensation for all hours worked over forty (40) in a workweek.

95.    As a result of Defendant's failure to pay Plaintiff and Rule 23 Pennsylvania Class members these wages due and owing, Plaintiff and Rule 23 Pennsylvania Class members are

16

Doc ID: 6ace1fa435fe957766ec6dc7294494fcdd83f84c

entitled to liquidated damages equal to twenty-five percent (25%) of the total amount of wages due.

## RELIEF REQUESTED

**WHEREFORE**, Plaintiff, on behalf of herself and the FLSA Collective members and Rule 23 Pennsylvania Class members, respectfully requests that this Court grant the following relief against Defendant:

A.      Certifying this case as a collective action in accordance with 29 U.S.C. § 216(b) with respect to the FLSA claims set forth herein (Count I);

B.      Certifying this action as a class action (for the Rule 23 Pennsylvania Class) pursuant to Rule 23(b)(2) and (b)(3) with respect to Plaintiff's state law claims (Counts II and III);

C.      Ordering Defendant to disclose in computer format, or in print if no computer readable format is available, the names and addresses of all FLSA Collective members and Rule 23 Pennsylvania Class members, and permitting Plaintiff to send notice of this action to all those similarly situated individuals, including the publishing of notice in a manner that is reasonably calculated to apprise the class/collective members of their rights by law to join and participate in this lawsuit;

D.      Designating Plaintiff and the representative of the FLSA Collective and Rule 23 Pennsylvania Class, and undersigned counsel as Class Counsel for the same;

E.      Finding that Defendant willfully violated the FLSA and the Department of Labor's attendant regulations as cited herein;

F.      Finding that Defendant violated the Pennsylvania Minimum Wage Act and Pennsylvania Wage Payment and Collection Law, and that said violations were intentional, willfully oppressive, fraudulent and malicious;

Doc ID: 6ace1fa435fe957766ec6dc7294494fcdd83f84c

G.      Granting judgment in favor of Plaintiff and against Defendant and awarding Plaintiff and the FLSA Collective and Rule 23 Pennsylvania Class the full amount of compensatory damages and liquidated damages available by law;

H.      Awarding reasonable attorneys' fees and costs incurred by Plaintiff in filing this action as provided by statute;

I.      Granting an incentive award for the Lead Plaintiff for serving as representative of the FLSA Collective members and Rule 23 Pennsylvania Class members in this action;

J.      Awarding pre- and post-judgment interest to Plaintiff on these damages; and

K.      Awarding such other and further relief as this Court deems appropriate.

## JURY DEMAND

Plaintiff Angela Rupp, individually and on behalf of all other FLSA Collective members and Rule 23 Pennsylvania Class members, by and through her attorneys, hereby demands a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure and the court rules and statutes made and provided with respect to the above-entitled claims.

**BROWN, LLC**

Dated: January 11, 2024                    */s/ Jason Brown*

Jason T. Brown
Edmund C. Celiesius
BROWN, LLC
111 Town Square Place, Suite 400
Jersey City, NJ 07310
T: (877) 561-0000
jtb@jtblawgroup.com
ed.celiesius@jtblawgroup.com

*Counsel for Plaintiff*

18

Doc ID: 6ace1fa435fe957766ec6dc7294494fcdd83f84c